# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

IRWIN SHAYLOR BOOKHART, CDCR #V-15388

Plaintiff,

vs.

K. WARNKE; Chula Vista Police Office Badge #960; GARDNER; Chula Vista Police Officer; CHULA VISTA CITY JAIL,

Defendants.

Civil No. 08-0075 DMS (NLS)

**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES PURSUANT TO 28 U.S.C. § 1914(a) AND/OR MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**

Irwin Shaylor Bookhart ("Plaintiff"), a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims two City of Chula Vista Police Officers violated his right to be free from cruel and unusual punishment in November 2007 while he was detained in the Chula Vista City Jail. (Compl. at 1-5.)

Plaintiff seeks injunctive relief prohibiting the Defendants "from contact" as well as $100,000 in general and punitive damages. (*Id.* at 7.)

/ / /

/ / /

## I.

## Failure to Pay Filing Fee or Request IFP Status

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence this action, nor has he submitted a Motion to Proceed IFP. Therefore, this action is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

## II.

## Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is stamped "Filed" to: (a) prepay the entire $350 civil filing fee in full; ***or*** (b) complete and file a Motion to proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the

/ / /

/ / /

/ / /

attached Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.[1]

**IT IS SO ORDERED.**

DATED: 1-15-08

HON. DANA M. SABRAW
United States District Judge

[1] Plaintiff is cautioned that if he chooses to proceed with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be subject to the mandatory screening and sua sponte dismissal provisions of 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)). Plaintiff is further cautioned that once he accumulates three dismissals which qualify as "strikes" under 28 U.S.C. § 1915(g), he will be precluded from proceeding *in forma pauperis* in the future unless he is in "imminent danger of serious physical injury." *See Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Pursuant to § 1915(g), a prisoner with three strikes," *i.e.*, prior federal cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on grounds that they were frivolous, malicious, or failed to state a claim, "cannot proceed IFP.").