# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWIN SHAYLOR BOOKHART, CDCR #V-15388, Plaintiff, vs. K. WARNKE, Chula Vista Police Officer; GARDNER, Chula Vista Police Officer; CHULA VISTA CITY JAIL, Defendants. | Civil No. 08-0075 DMS (NLS) **ORDER:** **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING $2.28 INITIAL PARTIAL FILING FEE, GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 3];** **AND** **(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Irwin Bookhart ("Plaintiff"), a prisoner currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 3].

////

////

## I.

## Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has further provided a certified copy of his trust account statement as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2 [Doc. No. 3]. Plaintiff's trust account statement shows an average monthly balance of $11.38, average monthly deposits of $11.38, and a current available balance of $28.48. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 3] and assesses an initial partial filing fee of $178.61 pursuant to 28 U.S.C. § 1915(b)(1). However, the Secretary of the CDCR, or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

////

## II.

## SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e) AND 1915A

The Prison Litigation Reform Act ("PLRA") also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

While Plaintiff's Complaint is somewhat vague, he appears to allege that Chula Vista Police Officers falsified reports that ultimately led to a revocation of his parole. (*See* Compl. at 4-5.) However, these claims amount to an attack on the constitutional validity of an underlying state criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge

the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims that the Chula Vista Police Officers provided false information in their arrest reports "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding *criminal judgments*." *Heck*, 511 U.S. at 486 (emphasis added); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Thus, because Plaintiff seeks damages for allegedly unconstitutional parole revocation proceedings and because he has not shown that his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may

reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

## III.

## CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 3] is **GRANTED**.

2. The Secretary of the CDCR, or his designee, is ordered to collect the $2.28 initial partial filing fee assessed by this Order and forward that amount to the Clerk of Court, *if those funds are available at the time this Order is executed.* THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Secretary of the CDCR, or his designee, is ordered to collect from Plaintiff's prison trust account the balance of the filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THAT NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on James E. Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1. All claims not re-

alleged in the Amended Complaint will be waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, the action may be dismissed without further leave to amend and may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: May 29, 2008

HON. DANA M. SABRAW
United States District Judge